**626**

Kenneth BAILEY, Plaintiff,

v.

George PATAKI, et al., Defendants.

George Brooks, Plaintiff,

v.

George Pataki, et al., Defendants.

Louis Massei, Plaintiff,

v.

George Pataki, et al., Defendants.

Jorge Burgos, Jr., Plaintiff,

v.

George Pataki, et al., Defendants.

Robert Trocchio, Plaintiff,

v.

George Pataki, et al., Defendants.

Robert Warren, Plaintiff,

v.

George Pataki, et al., Defendants.

Nos. 08 Civ. 8563(JSR), 08 Civ. 8665(JSR), 08 Civ. 8923(JSR), 08 Civ. 8924(JSR), 08 Civ, 8925(JSR), 08 Civ, 9609(JSR).

United States District Court,
S.D. New York.

July 8, 2013.

Ameer N. Benno; Benno & Associates P.C., Reza Rezvani, Rezvani Law Firm, Jeffrey Adam Rothman, Jeffrey Rothman–Attorney at Law, Justin M. Blitz, Shandell, Blitz, Blitz & Bookson, LLP, New York, NY, for Plaintiffs.

Barbara Kathryn Hathaway, Edward J. Curtis, Jr, New York State Office of the Attorney General, Jason Alan Buskin,

Landman Corsi Ballaine & Ford PC, New York, NY, for Defendant.

## MEMORANDUM

JED S. RAKOFF, District Judge.

On June 20, 2013, the parties to this consolidated action convened a conference call with the Court, in which Abbe Lowell, Esq., sought leave to file a motion to be substituted for the New York Attorney General's office as counsel for Governor George Pataki. By order dated June 28, 2013, the Court granted Governor Pataki's motion for substitution of counsel.

In the course of that conference call and as later briefed in written submissions by the parties, Governor Pataki expressed an intent to raise an advice-of-counsel defense in the upcoming trial of this case, an affirmative defense that plaintiffs' counsel claimed had been waived by defense counsel previously representing Governor Pataki. After reviewing the parties' written submissions, the Court, in its June 28, 2013 Order, determined that Governor Pataki had unequivocally waived any advice-of-counsel defense and therefore would not be permitted to present this defense at trial. This Memorandum explains the reasons for that decision.

As detailed in his written submission, Governor Pataki would, if permitted, testify that, in connection with creating and implementing the Sexually Violent Predator initiative, he relied in part on the advice of his counsel that the initiative was constitutional. Governor Pataki acknowledged in his submission that, at a May 13, 2010 hearing before this Court, attorneys from the New York Attorney General's office, who represented him at the time, expressly waived any advice-of-counsel defense. However, Governor Pataki argued that he was unaware of this waiver until very recently, that he was never asked about waiving the defense, and that discovering this waiver is what caused him to seek new counsel at this late date.

Plaintiffs' counsel express some skepticism about the Governor's affirmation of ignorance. They point out that then-counsel for Governor Pataki did not merely waive the defense at a single point in time or in some passing reference. Rather, counsel for Governor Pataki failed to assert the affirmative defense of advice of counsel in any of his answers to the six complaints in these consolidated actions. See Decl. of Ameer Benno dated June 26, 2013 ("Benno Decl."), Ex. 1. Moreover, his counsel expressly denied reliance on advice-of-counsel as a defense in an October 20, 2009 letter to the Court, in addition to at the May 13, 2010 hearing mentioned above. See Benno Decl. Ex. 2 at 4.

Nor was the waiver at the May 13, 2010 hearing a general waiver as to all defendants without taking into consideration Governor Pataki's unique role. Indeed, at that hearing, the Court itself brought to defense counsel's attention the very factual scenario and legal argument that Governor Pataki now seeks to rely upon. See Benno Decl. Ex. 3 at 14–16. Specifically, the Court stated:

[O]ne thing that a prudent governor might well have done—and there's some testimony in this case that he did do—was rely on his legal counsel to make sure that everything was copasetic. But if he did do that, and it was material to his determination, then he would have an advice of counsel defense and we would have had to have discovery on that, etc. So if instead, as you've chosen to do, perfectly properly, you said we're not going to rely on counsel, we're not going to raise advice of counsel defense, it can't creep in indirectly by saying, well, inherently all governors rely to some extent on counsel.

Ex. 3 at 15. At the May 13 hearing, the Court also made clear that if the defense were to be waived, "there cannot be considered on th[ese] motions, and there cannot be considered at trial, and there will not be permitted at trial any testimony of the form, well, I relied on counsel to make sure this was fine." *Id.* at 14. Moreover, the Court clarified that advice of counsel could be relevant to the question of Governor Pataki's "actual intent." *Id.* at 16. In response to all this, the Assistant Attorney General then representing the Governor flatly affirmed for the "umpteenth time" that "there's no advice of counsel defense." *Id.*

Based on these repeated representations, the Court wrote in its decision denying summary judgment in favor of the defendants on the issue of qualified immunity that "defendants have now expressly disclaimed any defense of the instant actions based on reliance on counsel." *Bailey v. Pataki*, 722 F.Supp.2d 443, 445 (S.D.N.Y.2010). Neither Governor Pataki (himself a lawyer), nor anyone on his behalf, raised any objection to this assertion in the subsequent three years, until less than three weeks before trial.[1]

■ On this record, the Court need not consider whether Governor Pataki's current assertions of ignorance are accurate or not. For it is black letter law that a party is "bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S.Ct. 1386, 8

L.Ed.2d 734 (1962). Indeed, the legal process could hardly function if this were not true.

■ Governor Pataki has not provided a compelling reason to deviate from the general rule that he is bound by his counsel's representations. On the contrary, allowing Governor Pataki to rescind his waiver on the eve of this long-scheduled trial would severely prejudice plaintiffs. Despite the fact that discovery closed approximately three years ago, all parties acknowledge that allowing Governor Pataki to raise this defense would require further discovery. Such discovery would, at the very least, entail depositions of the individual lawyers and advisers upon whom Governor Pataki relied, and perhaps even extensive document discovery of the documents upon which those attorneys relied and the documents, if any, that Governor Pataki reviewed. Plaintiffs would also be obliged to adjust their trial strategy in significant respects. As the late Judge Connor stated in a parallel situation a few years ago where it was the plaintiff who attempted a last-minute change of course: "To require defendant to incur additional costs and to change its strategy on the eve of trial because plaintiff has concocted a new theory three years into the litigation is simply not fair and would, in a real sense, unduly prejudice defendant." *Roberts v. Ground Handling, Inc.*, No. 04 Civ. 4955, 2007 WL 2753862, at *5 (S.D.N.Y. Sept. 20, 2007). What was true as to plaintiff in that case is equally true as to defendant Pataki in this case.[2]

1. While Governor Pataki now claims that it should have somehow been apparent at his February 11, 2010 deposition that he was raising an advice-of-counsel defense, the deposition occurred three months before his counsel affirmed his waiver of an advice-of-counsel defense in open court.

2. The Court notes that there may be an additional, independent reason why an advice-of-counsel defense may be irrelevant in this case, which is that a defense of "good faith" is ordinarily irrelevant to a § 1983 claim (which is the principal claim asserted in this lawsuit) because such a claim "does not require any intent to violate constitutional rights," *Hudson v. New York City*, 271 F.3d 62, 68 (2d

Accordingly, the Court hereby reaffirms its Order of June 28, 2013 prohibiting Governor Pataki from presenting an advice-of-counsel defense at the trial of this case, which will commence tomorrow.

SO ORDERED.

Cir.2001). However, because plaintiffs are asserting a claim for punitive damages, evidence of good faith may arguably still be admissible.